# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHIRLEY JOHNIGAN | CIVIL ACTION |
| VERSUS | NO. 17-11793 |
| ETHICON, INC. ET AL | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by Defendants Ethicon Endo-Surgery, Inc.; Ethicon US, LLC; Ethicon, Inc.; and Johnson & Johnson. R. Doc. 26. The motion is unopposed. Accordingly, the Court considers Defendants' statement of uncontested facts to be admitted pursuant to Local Rule 56.2. Although the dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether Defendants have shown entitlement to judgment as a matter of law. *See, e.g.*, *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); Fed. R. Civ. P. 56(a).

In her complaint, Plaintiff Shirley Johnigan alleges Prolene® Polypropylene Mesh ("Prolene") implanted during her hernia surgery was unreasonably dangerous and caused her damages. R. Doc. 1. at ¶¶ 22–25. She contends the unreasonably dangerous condition of the product caused her to incur a hernia recurrence. *Id.* at ¶ 24. Based on these allegations, Plaintiff seeks damages pursuant to Louisiana Revised Statute 9:2800.55 (construction or composition defect); Louisiana Revised Statute 9:2800.56 (design defect); Louisiana Revised Statute 9:2800.57 (inadequate warning); Louisiana Revised Statute 9:2800.58 (breach of express warranty); and redhibition.

According to Defendants' statement of material fact, which the Court accepts as true, although this Court set a deadline of October 24, 2018 for Plaintiff to produce reports from her

expert witnesses, R. Doc. 18, Plaintiff has not produced any expert reports substantiating her claims, R. Doc. 26-2 at ¶¶ 4–5. Based on the absence of an expert report, Defendants' contend Plaintiff has no proof that: (1) "her alleged damages were caused by a characteristic of Prolene that rendered it unreasonably dangerous. . . ," (2) "the Prolene at issue was unreasonably dangerous in construction or composition, as defined in La. Rev. Stat. Ann. 9:2800.55," (3) "Prolene is unreasonably dangerous in design, as described in La. Rev. Stat. Ann. 9:2800.56. . . ," (4) "the Prolene at issue was unreasonably dangerous because of an inadequate warning, as described in La. Rev. Stat. Ann. 9:2800.57. . . ," or (5) "that Prolene was unreasonably dangerous because of nonconformity to an express warranty, as described in La. Rev. Stat. Ann. 9:2800.58." *Id.* at ¶¶ 6–10. Defendants further argue that, because she offers no proof the Prolene was defective, Plaintiff's redhibition claim necessarily fails. R. Doc. 26-1 at 2, 10.

In the absence of any opposition filed by the Plaintiffs, the Court concludes that this satisfies Defendants' burden of showing they are entitled to judgment as a matter of law. Accordingly,

## CONCLUSION

**IT IS ORDERED** that the motion for summary judgment filed by Defendants Ethicon Endo-Surgery, Inc.; Ethicon US, LLC; Ethicon, Inc.; and Johnson & Johnson, R. Doc. 26, be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that there be judgment in favor of Defendants and against Plaintiff Shirley Johnigan.

New Orleans, Louisiana on this 5th day of December 2018.

_____
U.S. District Court Judge